UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DELORIS DOLFORD,

    Plaintiff,

v.                                      Case No:    3:15-cv-866-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

Plaintiff, Deloris Dolford, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

Plaintiff filed applications for a period of disability, DIB and SSI on August 25, 2011, alleging disability beginning August 18, 2007. (Tr. 243-56). Plaintiff's applications were denied initially on September 15, 2011, and upon reconsideration on November 10, 2011. (Tr. 114-18, 121-26, 130-34, 135-39). Plaintiff requested a hearing and, on June 4, 2013, a hearing was held before Administrative Law Judge John Marshall Meisburg, Jr. (Tr. 48-76). On August 26, 2013, the ALJ entered his decision finding that Plaintiff was not disabled. (Tr. 30-47). Plaintiff requested review of the hearing decision and, on May 12, 2015, the Appeals Council denied the request for review. (Tr. 1-7). Accordingly, the ALJ's decision became the Commissioner's final decision. Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 13, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 18, 2007, the alleged onset date. (Tr. 35). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, hypertension, longstanding tobacco abuse, respiratory impairment, obesity, diabetes mellitus, and cardiac impairment. (Tr. 35). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 35).

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no unprotected heights; no kneeling, crouching, crawling, or bending; and no motor vehicles." (Tr. 36). At step four, based on the testimony of the VE who testified at the hearing, the ALJ found that Plaintiff is able to perform her past relevant work as a "Sorter/Recycler/Salvager." (Tr. 42). The ALJ concluded that Plaintiff has not been under a disability from August 18, 2007, through the date of the ALJ's decision, August 26, 2013. (Tr. 43).

## II.     Analysis

Plaintiff raises two related issues on appeal: (1) whether the ALJ erred by failing to reconcile his RFC finding with the medical opinion of Dr. Rubin, which the ALJ gave "the greatest weight," and (2) whether the ALJ erred in finding that Plaintiff could return to her past relevant work as a Sorter/Recycler/Salvager as she actually performed the work.

### a)  Whether the ALJ erred by failing to reconcile his RFC finding with the medical opinion of Dr. Rubin, which the ALJ gave "the greatest weight."

In his decision, the ALJ noted that he heard testimony from Leonard Rubin, M.D., an impartial medical expert, in order to clarify the nature and severity of Plaintiff's medical impairments. (Tr. 38). The ALJ noted that Dr. Rubin concurred with the Medical Source Statement completed by Ciceron Lazo, M.D., the consultative examiner, who opined that Plaintiff is able to sit for 6 hours, stand for 4 hours, and walk for 3 hours in an 8-hour day. (Tr. 39, 446). The ALJ noted that Dr. Rubin stated that there was inconsistency in Dr. Lazo's statement in that he indicated that Plaintiff cannot ambulate with the use of an assistive device, but also noted that Plaintiff's gait and station were not impaired and that she had 5/5 strength in the lower extremities.

(Tr. 39).  The ALJ explained that he gave Dr. Rubin's findings and physical assessment "the greatest weight."  (Tr. 39).

Plaintiff contends that by giving Dr. Rubin's opinion "the greatest weight," the ALJ was required to either adopt the restrictions opined by Dr. Rubin in his RFC finding or offer an explanation as to why he was not adopting the restrictions.  (Doc. 13 p. 9-10).  Plaintiff argues that the ALJ committed reversible error by failing to do so.  (Doc. 13 p. 10).  Defendant argues that Plaintiff has not shown that the ALJ's RFC finding for light-level work was inconsistent with Dr. Rubin's opinion that Plaintiff could stand for four hours, walk for three hours, and sit for six hours.  (Doc. 14 p. 5).

Here, the Court does not find it appropriate to remand this case because the ALJ did not specifically include in his RFC finding that Plaintiff could stand for four hours, walk for three hours, and sit for six hours.  The regulations defining light-level work do not quantify its walking and standing requirements, specifying only that light work "may require either 'a good deal of walking or standing, or . . . sitting most of the time with some pushing or pulling of arm or leg controls."  *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).  Social Security Ruling (SSR) 83-10 provides that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  Dr. Rubin's opinion that Plaintiff can stand for four hours and walk for three hours, when combined, exceed the requirements of light work.  Plaintiff does not cite any authority that the capacity to stand and walk for such a period of time is insufficient to perform light-level work.  The ALJ thoroughly reviewed Dr. Rubin's opinion, stated the portions in which Dr. Rubin agreed with Dr. Lazo and those in which he was in disagreement, and stated the weight he accorded the opinion.  The Court finds no error in ALJ's treatment of Dr. Rubin's opinion and his ultimate RFC finding.

### b) Whether the ALJ erred in finding that Plaintiff could return to her past relevant work as a Sorter/Recycler/Salvager as she actually performed the work.

Plaintiff argues that the ALJ erred in finding that she could perform her past relevant work as a Sorter/Recycler/Salvager. (Doc. 13 p. 13-15). According to Plaintiff, such work required her to stand eight hours in an eight hour workday, i.e., four hours longer than Dr. Rubin opined she could stand. (Doc. 13 p. 13). Defendant does not directly address Plaintiff's argument that the ALJ erred by finding she could return to her past relevant work, but instead argues that even if she cannot return to her past relevant work as she performed it, the VE's testimony is substantial evidence that Plaintiff is not disabled at step five. (Doc. 14 p. 7).

As noted above, at step four, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

The record shows that Plaintiff completed a form before the administrative hearing in which she reported that her work as a Sorter involved walking for 6 hours in an 8 hour day and standing for 8 hours. (Tr. 293). At the administrative hearing, upon questioning from the ALJ, Plaintiff testified that she had to stand all day long when performing the occupation of salvager and could not sit down. (Tr. 72-73).

In his decision, the ALJ based his decision that Plaintiff was not disabled solely on his step four finding that Plaintiff can return to her past relevant work as a Sorter/Recycler/Salvager "as actually performed." (Tr. 42, 43). The ALJ acknowledged that Plaintiff had testified that she had to stand 8 hours per day, but found that such work was "light" as performed by Plaintiff. (Tr. 42).

Here, the Court finds that the ALJ erred in finding that Plaintiff could return to her past relevant work as a Sorter/Recycler/Salvager. The opinion of Dr. Rubin that the ALJ gave "the greatest weight" was that Plaintiff was capable of standing only 4 hours in an 8 hour workday. As

noted above, light work generally requires stand or walking, on or off, for approximately 6 hours in an 8 hour workday.  SSR 83-10.  Thus, the ALJ's finding that Plaintiff's finding that Plaintiff's work as a Sorter/Recycler/Salvager was "light" was erroneous.  Even if the Court were to combine the hours that Plaintiff is able to stand and walk in an 8 hour workday, it would still be less than the 8 hours that Sorter/Recycler/Salvager required.  The ALJ's step four finding is not supported by substantial evidence.

The Court rejects Defendant's argument that any error at step four is harmless because the VE's testimony shows that there are other jobs the Plaintiff can perform and a finding of "not disabled" at step five is supported by substantial evidence.  The ALJ concluded his decision at step four and made no alternative finding at step five that Plaintiff was not disabled.  In essence, Defendant is asking the Court to engage in the type of *post hoc* rationalization to support the ALJ's decision that the Eleventh Circuit has admonished.  *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.").  The Court declines to engage in such a rationalization.

### III.   Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties